## ANDREW JONES *v.* STATE.

[54 South. 724.]

CRIMINAL LAW. *Murder. Manslaughter. Evidence.*

> Where there is an entire absence of evidence of a deliberate design on the part of the accused to effect the death of deceased, and on the contrary it is overwhelmingly shown that accused, shot without malice, under the heat of passion and excitement of the moment. It is error for the court to submit to the jury the question whether accused was guilty of murder.

APPEAL from the circuit court of Chicasaw county.
HON. W. A. ROANE, Judge.
Andrew Jones was convicted of murder and appeals. The facts are fully stated in the opinion of the court.

*Leftwich & Tubb,* for appellant.

The third written charge granted at the request of the district attorney is erroneous because it assumes, and in granting it the court assumed that the only possible verdict was that of murder. We will show presently that this record will not sustain a verdict of murder, and this charge thus couched as it was forbade the jury to bring in any other verdict than that of murder. It is true that appellant had carried his shotgun with him when he went with his sister, but it is shown that he went from the field where he had his gun, simply carried it with him to town, but taking it that he did carry it in self-defense, he had a right to do it in view of the violent threats of the deceased which were communicated to the appellant by his mother before he left home. When appellant was assaulted on his returning home, he was driving along the main road, molesting nobody, he was violently assailed by the deceased who tried to catch his mules by their bridles, and failing in that, snatched the lines out of his hands, and then deceased tried to snatch his sister out of the buggy, with his Winchester lying by the roadside. It is true the state's witnesses, evidently by premeditated agreement, deny that Smith had a Winchester there, but whether he did or not, his violent assault on the appellant and his sister, a half or a quarter of a mile from his house, in the public road, reduces the crime, if any were committed, to manslaughter, for whatever the appellant did, he did in the heat of passion unpremeditated and under great provocation. The facts all show that he could very easily have killed Smith, if he had wished, but he lowered his gun and shot him in the flesh of the leg.

*Carl Fox,* assistant attorney-general, for appellee.

It is said that the third written charge granted the state "is erroneous because it assumes, and in granting

it the court assumed, that the only possible verdict was that of murder." We do not think the criticism is borne out by the instruction itself, which begins "The court charges the jury for the state that if they agree that the defendant is guilty of murder, they may return either of the following verdicts, to-wit," etc.

The fifteenth instruction granted the defendant was that the jury might find the defendant guilty of manslaughter. The jury of course, had to take all of the instructions together; and if they had found the defendant guilty of manslaughter, they would never have even reached the point of considering instruction No. 3 granted the state, because they could not reach that point at all if they had agreed that the defendant was guilty of murder.

ANDERSON, J., delivered the opinion of the court.

The appellant, Andrew Jones, was convicted of the murder of his brother-in-law, Merriwether Smith, and sentenced to life imprisonment.

The wife of the deceased is a sister of appellant. The deceased was a powerful man physically, weighing from two hundred and fifteen to two hundred and thirty pounds, while the appellant, being a much smaller man, was wholly incapable of coping with the deceased in a physical contest. The deceased whipped his wife, as it seems from the testimony he was in the habit of doing. She left him, stating that she was going to Okolona to prefer a charge against him for whipping her. He stated to her that, if she did, she would never "report anybody else," and the person who carried her to Okolona for that purpose would never "carry anybody else." She got her brother, the appellant, who was informed of these threats, to carry her to Okolona for the purpose of preferring the charge against her husband. The deceased and appellant resided about four miles from Okolona. The appellant and his sister made the trip to Okolona

in a buggy; the appellant carrying his gun with him to protect himself and his sister against the execution of the threats made by the deceased. While returning from Okolona, and just before reaching the home of appellant, the deceased, who appears to have been in waiting, attempted to intercept them. He assaulted his wife, and attempted to pull her out of the buggy. While he was in the act of so doing, the appellant alighted from the buggy with his gun, and, standing only a few feet away, shot the deceased in the leg. The wound of itself was not dangerous, but became infected with the germ of tetanus, from which deceased died about two weeks thereafter. The appellant made no attempt to shoot a second time, though there was nothing to prevent his so doing, and killing the deceased then and there.

Taking the facts testified on behalf of the state, and every reasonable inference which might be drawn therefrom, to be true, in connection with that testimony for appellant which is uncontradicted, and the evidence is wholly insufficient to sustain the verdict of the jury. There is an entire absence of evidence of a deliberate design on the part of appellant to effect the death of the deceased. On the contrary, it is overwhelmingly shown that appellant shot without malice, under the heat of passion and excitement of the moment. He had the right to use the necessary force to protect himself and sister from the assaults of the deceased. If he shot in the heat of passion without malice (as he did), but unnecessarily, he is guilty of manslaughter, and not murder. If he shot in necessary defense of himself and sister, or of either— that is, to prevent deceased from taking their lives, or the life of either, or inflicting on them, or either of them, great bodily harm, there being at the time imminent danger of such design on the part of deceased being accomplished—then he is guilty of neither murder nor manslaughter, but innocent of the whole charge. The court

erred in submitting to the jury the question whether appellant was guilty of murder.

The other assignments of error are not noticed, because, if well founded, they are not such errors as will probably occur on another trial, which will involve alone the issue whether appellant is guilty of manslaughter.

*Reversed and remanded.*