JORDAN v. STATE

No. 42798 February 24, 1964 160 So. 2d 926

704

*L. Percy Quinn,* Laurel, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Thomas Edward Jordan, Jr., the appellant, was convicted in the Circuit Court of the Second District of Jones County of the murder of R. L. Rose, and was sentenced to life imprisonment in the state penitentiary. However, we think the evidence reflects a situation where appellant could not be guilty of an offense greater than manslaughter, and reverse and remand the case for a new trial.

On the night of January 3, 1963 R. L. Rose, the deceased, and William Eldridge went to the "Skeeter Hole", a small frame building about eight by ten feet, from which defendant Jordan sold whiskey. The building had only a front and no back door. Jordan came to their car, and stood there with a "blank expression" for ten to fifteen seconds. He asked Rose what he wanted, and Rose requested a half pint of whiskey. Jordan delivered the whiskey, Rose gave him a $5 bill, and Jordan handed the change to Rose. The defendant then returned to the building. He said that Eldridge and Rose continued to sit in the car, so he looked out a window and saw Rose placing a bill on the seat of the car. Rose got out of the car, and went to the door of the "Skeeter Hole", where he held out the money in his hand, and Eldridge heard defendant say something to the effect that he did not shortchange him. Rose entered the building, Eldridge heard Rose ask Jordan what he had in his hand, and the door was closed. Eldridge did not know what happened after that.

Jordan testified that Rose kicked on the door, and when opened, Rose accused him of shortchanging him. Rose entered, ordered another half pint of whiskey, and paid for it. He then accused Jordan of trying to be funny or smart, and slapped him twice. After that, Jordan said he picked up a shotgun lying on a cot at the back of the small building, pointed it at Rose, and ordered him to get out; Rose "reached over with his right hand and snatched the gun, jerked the gun and it went off." Jordan then called Eldridge and the police. He said that when Rose came inside the door, Rose locked it behind him; that he was a considerably larger man than defendant.

In short, Jordan contended the shooting itself was an accident, when Rose grabbed at the gun. He had never seen Rose before this occasion. Eldridge admitted that he and Rose had been drinking liquor, but denied they were drunk. Police officers said Eldridge was not intoxicated. After the incident Jordan told a deputy sheriff substantially the same version which he gave on the trial. The state's witnesses said they saw no powder burns on deceased's shirt, and they found no weapons on or around him. After he interrogated Eldridge, the sheriff said that he found a dollar bill concealed between the seats in Rose's car.

 █ Jordan's version of what occurred inside the "Skeeter Hole" is substantially undisputed, although there are some contradictions in the evidence, including the fact there were no powder burns on deceased's shirt. Yet Jordan admitted he pointed the shotgun at Rose. Under all these circumstances, it was error to submit to the jury the issue of murder. There was no evidence of premeditation, and Rose was the aggressor.

On the other hand, the "killing of another in the heat of passion, without malice, by the use of a dangerous weapon, without authority of law, and not in necessary self-defense, shall be manslaughter." Miss. Code 1942,

Sec., § 2226. Ordinarily, whether a homicide is murder or manslaughter is a question for the jury. However, in this case the evidence shows that Rose was the aggressor, and we do not think there was enough evidence to make a jury issue on the questions of premeditation and other elements of murder.

██ ██ Whether appellant acted in self-defense and was justified in his actions, or whether he acted not in necessary self-defense, but in the heat of passion without malice, were questions for the jury. Anderson v. State, 199 Miss. 885, 25 So. 2d 474 (1946). Accordingly, the court erred in submitting to the jury the question of whether appellant was guilty of murder. Jones v. State, 98 Miss. 899, 54 So. 724 (1910); Travis v. State, 9 So. 2d 880 (Miss. 1942); Cutrer v. State, 207 Miss. 806, 43 So. 2d 385 (1949). The judgment is reversed, and the cause is remanded for a new trial on the charge of manslaughter.

Reversed and remanded.

*Lee, C. J., and McElroy, Rodgers and Jones, JJ.,* concur.