255 So.2d 669 (1971)
Bernard W. McELWEE
v.
STATE of Mississippi.
No. 46597.
Supreme Court of Mississippi.
December 13, 1971.
T.F. Badon, F.W. Stratton, Liberty, for appellant.
A.F. Summer, Atty. Gen., by John M. Kinard, Special Asst. Atty. Gen., Jackson, for appellee.
*670 INZER, Justice:
Appellant Bernard W. McElwee was indicted, tried and convicted in the Circuit Court of Amite County for the crime of murder. He was sentenced to serve life imprisonment in the State Penitentiary. From this conviction and sentence he appeals. We reverse and remand.
The evidence in this case establishes that appellant was employed by the deceased Henry Lilly to help Lilly haul pulpwood. The work agreement was that Lilly would furnish appellant with a home in which to live, would furnish him with meals at Lilly's home, and would pay him an agreed price per load for hauling pulpwood. On Sunday morning August 23, 1970, appellant went with Lilly to collect for some pulpwood hauled during the week. On the way back they stopped in Louisiana and purchased some whiskey. After consuming some of the whiskey, Lilly purchased a fifth which he carried home with him. After they had eaten lunch, appellant went to the house where he lived, leaving Lilly asleep at his house. Later that afternoon Lilly came to appellant's house. He accused appellant of stealing his liquor, threatened to kill him and struck at him. Appellant had a sprained ankle and got away from Lilly by getting into the car with Mr. Brady, who had driven up during the occurrence of this event. Later that day Lester Morgan and Lilly came to appellant's home and the three of them went to Louisiana and purchased some more liquor. According to the testimony of appellant, it was dark when they returned and Lilly got out of the truck and started towards his house. Appellant then went into his house to pick up some epsom salts to carry with him to Morgan's house where hot water was available to treat his ankle. McElwee testified that after he got into his room he heard Lilly outside the rear door cursing him and threatening to kill him. McElwee picked up a single barrel shotgun that was in the corner near his bed. The door was shoved open and appellant *671 then fired his shotgun. He immediately left without making any effort to ascertain whether the shot fired had struck Lilly. He returned to the truck where Morgan was waiting and left. On the following Tuesday afternoon the body of Lilly was found at the back door of appellant's room. He had been shot one time by a shotgun blast at a range close enough to leave powder burns. Later that day appellant was arrested at Morgan's home. He was in an intoxicated condition and was not questioned by the sheriff. On the following morning, after being warned of his Miranda rights by the sheriff and an investigator for the highway patrol, he made a statement. This statement contradicted his testimony to some extent, but not as to what transpired just before the fatal shot was fired.
Appellant urges two main propositions for reversal of this case. It is first urged that the trial court was in error in refusing to grant his motion to direct the jury to find him not guilty. It is contended that appellant was the only eye witness to the crime charged and that his version made out a case of self-defense and must be accepted as true. In other words, he relies upon the Weathersby rule. That rule is where the defendant or the defendant's witnesses to the crime are the only eye witnesses, their version, if reasonable, must be accepted as true, unless substantially contradicted by material particulars by a credible witness or witnesses, or by physical facts or facts of common knowledge. It is true that appellant was the only eye witness to the shooting, but his own voluntary statement to the sheriff and the investigator to some extent contradicted his testimony given at the trial. These contradictions together with the fact that appellant immediately left the scene and never reported the incident to the sheriff or any one else, were sufficient to take the case out of the Weathersby rule.
Appellant next urges that even though the Weathersby rule does not apply, the trial court was in error in refusing to instruct the jury that it could not find appellant guilty of any crime greater than manslaughter. We are of the opinion that this contention is well taken and the jury should have been so instructed.
Section 2221, Mississippi Code 1942 Annotated (1956), provides:
Homicide  killing while the slayer was committing misdemeanor.
The killing of a human being without malice, by the act, procurement, or culpable negligence of another, while such other is engaged in the perpetration of any crime or misdemeanor not amounting to felony, or in the attempt to commit any crime or misdemeanor, where such killing would be murder at common law, shall be manslaughter.
Section 2225, Mississippi Code 1942 Annotated (1956), provides as follows:
Homicide  killing unnecessarily, while resisting effort of slain to commit felony or do unlawful act.
Every person who shall unnecessarily kill another, either while resisting an attempt by such other person to commit any felony, or to do any unlawful act, or after such attempt shall have failed, shall be guilty of manslaughter.
The foregoing sections are controlling in this case. Although the jury could find from the evidence that the killing of Lilly was unnecessary, it is uncontradicted that at the time of the shooting Lilly was at appellant's back door, cursing him, making threats upon his life and attempting to enter his room. Under these circumstances the trial court was in error in refusing to instruct the jury that it could not find the appellant guilty of any crime greater than manslaughter. In similar cases where the evidence did not justify the killing on the plea of self-defense, we have consistently held that it is reversible error for the trial *672 court not to limit the issue for the jury to decide to the question of manslaughter or justifiable homicide. Jordan v. State, 248 Miss. 703, 160 So.2d 926 (1964); Cutrer v. State, 207 Miss. 806, 43 So.2d 385 (1949); Shedd v. State, 203 Miss. 544, 33 So.2d 816 (1948); Bangren v. State, 196 Miss. 887, 17 So.2d 599 (1944); Bowen v. State, 164 Miss. 225, 144 So. 230 (1932); Williams v. State, 122 Miss. 151, 84 So. 8 (1919); and Long v. State, 52 Miss. 23 (1876).
There are other errors assigned but they are either without merit or will not likely occur on another trial of this case.
For the reasons stated, this case is reversed and remanded for another trial.
Reversed and remanded.
RODGERS, P.J., and JONES, BRADY, and ROBERTSON, JJ., concur.