BROOM, Presiding Justice,
for the Court:
Murder is the offense for which defendant Frank Gholar was convicted in the Circuit Court of Jefferson Davis County, the Honorable R.I. Prichard circuit judge. Life imprisonment was ordered. Chief grounds for appeal relate to the sufficiency of the evidence. We affirm.
Defendant Gholar lived with Teresa[1] Williams whom, according to the jurors’ finding, he shot on February 15,1981, inside the residence. On that date, during the morning, Gholar and two friends: Charles Rushing and Robert Ball, consumed a quantity of whiskey and went to Teresa’s residence. Ball left, and Gholar went to sleep, after which Rushing left. No one saw the fatal shooting except defendant Gholar, who testified at the trial.
Cause of death (gun shot wound) was established by Forensic Pathologist Dr. Sergio Gonzales, M.D., who examined Teresa’s body. In addition to the bullet wound, Dr. Gonzales found other marks, abrasion type, on her chestwall. Sheriff Gary Jones also testified about results of his investigation of the killing and obtaining a signed statement in which Gholar stated he hit Teresa’s hand which held the gun and then the “gun went off”.
Gholar’s in-court testimony was that after going to sleep the next thing he remembered was “the cocking of a gun .... ” Teresa was standing over him with a pistol, which he hit with a twisting motion and somehow the pistol discharged wounding Teresa in the face killing her. He also testified to previous fights between them. Gholar, according to him, left the scene, using Teresa’s car and stayed gone two days, after which he surrendered to the sheriff giving fright as his reason for fleeing. Other facts will be stated as needful in this opinion.
Argument is that the state failed to establish malice and wrongful intent. Gho-lar’s brief asserts,
The record is totally silent of any ill will or malice existing within the defendant towards the decedent, in fact, all witnesses appearing for the State denied any knowledge of such ill will, intent, deliberation or malice. Further, defendant finds absolutely no circumstantial evidence in the record to indicate such malice, intent, or deliberation....
For the following reasons, the jurors were justified in rejecting Gholar’s in-court version that the deceased (Teresa) had a pistol pointed at him when he awakened from sleep, which pistol discharged and shot her as Gholar hit her hand. First, after the shooting, when one Williams came there Gholar stated that Teresa was asleep, knowing full well that he, Gholar, had just shot her. Second, at the time Williams (just after the shooting) went in the house, he saw Teresa’s body and a gun out of her *115 reach; Williams then went and notified the sheriff and, upon returning, found that the gun had been placed in Teresa’s hand and her body had been moved some distance. At trial, Williams testified to these matters. Third, after the shooting, Gholar did not report the incident. Fourth, Gholar made no effort to get medical aid for Teresa. Fifth, he fled in Teresa’s car and stayed gone about two days. Sixth, Gholar’s in-court testimony that he was asleep differed from his pre-trial statement which did not mention him being asleep.
The inconsistencies which appear in the varying accounts given by defendant Gho-lar as to the facts and circumstances surrounding the shooting raised an issue of guilt suitable and proper for jury resolution. Clingan v. State, 404 So.2d 1386 (Miss.1981). Deciding whether the killing was justifiable or murder was an appropriate jury function, which the jurors discharged in this case and found against Gho-lar. The matters of flight, refusal to get medical aid, his stating Teresa was asleep, and the gun having been moved and placed in the left hand of Teresa (a right-handed person) were significant items of evidence indicating Gholar’s guilt of killing her with malice. If he had nothing to conceal about his guilt, why would he, after shooting her, have made the statement that she was in the house asleep and why would he have fled?
His reliance upon Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933), is misplaced. Upon this record, the inconsistencies in defendant Gholar’s testimony, considered together with the fact that he fled the scene and remained gone for some two days, preclude acquitting him on the so-called Weathersby Rule.
We point out that the jurors were given a number of instructions authorizing them, at their discretion, to return a verdict of manslaughter in this case. It is arguable upon the record whether the evidence properly justified the giving of any instruction on manslaughter. Nevertheless, assuming ar-guendo that manslaughter instructions were appropriate, the jury rejected any option that they had as to manslaughter and returned a verdict of guilty as charged which we find was properly supported by the record. After careful analysis of all of the testimony, we conclude that the guilt of Gholar was established beyond a reasonable doubt and that, there being no reversible error demonstrated, affirmance is required.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS and ROBERTSON, JJ., concur.
PRATHER and DAN M. LEE, JJ., dissent.

. Gholar’s indictment referred to the victim as “Tressie” Williams. However, different witnesses’ testimony also referred to her as “Teresa” or “Treasie”.