454 So.2d 1306 (1984)
Malachi LEWIS
v.
STATE of Mississippi.
No. 55011.
Supreme Court of Mississippi.
August 22, 1984.
*1307 George L. Dorrill, Thornton, Guyton, Dorrill & Pettit, Kosciusko, for appellant.
Bill Allain, Atty. Gen. by Walter L. Turner, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and BOWLING and HAWKINS, JJ.
WALKER, Presiding Justice, for the court:
This is an appeal from the Circuit Court of Attala County, Mississippi wherein the appellant, Malachi Lewis, was indicted, tried and convicted of murder and sentenced to serve the remainder of his natural life in the custody of the Mississippi Department of Corrections. Aggrieved with the lower court's holding, he has perfected an appeal to this Court.
Annie Christine Lewis and her two sons, James and Michael, resided in a home in Sallis, Mississippi with her husband, Malachi. Annie and Malachi were married in September of 1982.
On the evening of February 7, 1982 the children heard the couple argue and that night Annie slept on the sofa in the living room. Before dawn the boys were again awakened by the couple's arguing.
On February 8, upon coming home from school, the boys found the door to their home locked. After gaining access to the home through a window, Annie was found dead in the bedroom propped against the dresser, one arm resting on the bed and blood all over her clothing. The living room was torn up, and the breakfast dishes had not been cleaned. A bloody knife was found on the stereo in the livingroom. Annie's death was the result of six stab wounds to her chest.
After locating the appellant in Newberry County, South Carolina, the police officials on February 12 returned him to Mississippi where he was charged with the murder of Annie Lewis.

I.

THE LOWER COURT ERRED IN ADMITTING A PHOTOGRAPH OF THE DECEASED.
Objection was entered on the basis that the photograph was highly prejudicial and had no evidentiary value. The objection was overruled.
This Court has repeatedly held that in considering the competency, relevancy and materiality of photographs, it is within the sound discretion of the trial judge to determine whether or not the photographs have a legitimate evidentiary purpose. Sadler v. State, 407 So.2d 95 (Miss. 1981); Voyles v. State, 362 So.2d 1236 (Miss. 1978).
In Groseclose v. State, 440 So.2d 297 (Miss. 1983), we upheld the admission of a single photograph which depicted the victim's body where the photo showed the position of the body at the time it was found by the law enforcement officers and also where it was not inordinately gruesome. In the cause before us now we again do not find the admission into evidence of the single photograph of Annie Lewis to be in error as it merely showed the position of her body at the time the officers arrived at the scene and as in Groseclose was not inordinately gruesome.

II.

THE JURY ERRED IN NOT ACCEPTING HIS VERSION OF WHAT TOOK PLACE IN VIEW OF THERE BEING NO EVIDENCE OR TESTIMONY TO THE CONTRARY
In support of this contention appellant asks this Court to apply what has become known as the Weathersby[1] rule.
*1308 The appellant was the only possible eyewitness to the crime. Testifying in his own behalf, he stated that he and the victim did argue on the morning of February 8. They argued and she reached over and hit him beside the head with a piece of firewood approximately the size of a man's arm. He pushed her down and she fell on a chair and they began to tussle. The piece of firewood she was holding must have fallen back into the woodbox. Although he was "woozy" after being hit on the head he did recall seeing blood on her clothing as she went into the bedroom and fell. He did not have a knife and if there were one, he felt she must have had it. He did not stab her. After she fell he did not follow her or check on her condition but, out of fear that her brothers would retaliate against him, left in her automobile for South Carolina where he was picked up on February 12.
The victim who was described as sickly and had a muscle disease was found in a sitting position in the bedroom. She suffered six stab wounds to the chest and two cuts on her left hand in between her fingers. A kitchen butcher knife streaked with blood was found on top of the stereo unit located right outside the bedroom where she was found. There was blood on the wall, a blanket and pillow on the couch and a jacket belonging to the appellant.
According to William H. Hudson, the investigating officer who spoke with the appellant on February 16 in the Attala County jail, the appellant after being advised of his rights, told the officers of the argument and fight. Appellant did not know who picked up the knife, either he or she did but the next thing he knew she staggered into the bedroom and fell. She was bleeding and had blood all down the front of her blouse. When asked if he stabbed her, he replied "I must have. It wasn't anybody else there."
The evidence in this case does not meet the requirements of the Weathersby rule. The appellant concedes he and his wife argued and admits the existence of the knife and the fact that Annie was bleeding as she staggered and fell. Furthermore, the appellant immediately left the scene without attempting to notify anyone or without aiding his wife. We have held that flight itself is evidence to be considered by the jury on the question of guilt as stated in McElwee v. State, 255 So.2d 669 (Miss. 1971):
It is true that the appellant was the only eyewitness to the shooting, but his own voluntary statement to the sheriff and investigator to some extent contradicted his testimony given at the trial. These contradictions together with the fact that the appellant immediately left the scene and never reported the incident to the sheriff or anyone else, were sufficient to take the case out of the Weathersby rule.
255 So.2d 671.
Therefore, the Weathersby rule which requires that where the defendant is the only eyewitness, his version, if reasonable, must be accepted as true, unless substantially contradicted by material particulars by a credible witness or witnesses, or by physical facts or facts of common knowledge is not applicable to this case. It was for the jury, having been properly instructed, to determine from all of the evidence the guilt or innocence of the appellant.

III.

THE STATE FAILED TO PROVE THE KILLING OF THE DECEASED WAS OF MALICE AFORETHOUGHT AND NOT IN THE HEAT OF PASSION
Appellant contends there is no testimony in the record to indicate he planned to murder the deceased prior to their argument. He argues that one who kills in defense of his own physical safety and while resisting an attempt by another person to commit a felony cannot be convicted of any crime higher than manslaughter.
In Gholar v. State, 441 So.2d 113 (Miss. 1983) a similar argument was raised where this Court held:
Deciding whether the killing was justifiable or murder was an appropriate jury function, which the jurors discharged in *1309 this case and found against Gholar. The matters of flight, refusal to get medical aid, his stating Teresa was asleep, and the gun having been moved and placed in the left hand of Teresa (a right-handed person) were significant items of evidence indicating Gholar's guilt of killing her with malice. If he had nothing to conceal about his guilt, why would he, after shooting her, have made the statement that she was in the house asleep and why would he have fled?
113 So.2d 115.
In the cause before us the appellant and Annie argued the day prior to the stabbing; Annie's sons both testified they were awakened during the night by the couple's argument, yet, appellant denies they argued after they had gone to bed; on the day of the alleged stabbing the couple again argued; it was unusual for Annie to sleep in the living room as she did the evening of February 7; appellant denied having a knife or of stabbing Annie, yet he recalled seeing blood on the front of her blouse; appellant also had informed the investigating officers that he must have done it as there was no one else present; after seeing Annie's blood-stained clothing and seeing her fall to the floor, he neither attempted to aid her nor did he attempt to advise her family that she was in need of assistance; and following the incident he left for the State of South Carolina.
This evidence was sufficient for the jury to find that appellant acted with malice.
The jury was properly instructed and obviously rejected appellant's claim of self-defense in finding him guilty as charged.
Finding no errors in the trial below, we affirm.
AFFIRMED.
ROY NOBLE LEE, P.J., BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.
NOTES
[1] Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933).